UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARGARET KIPHART,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:18-02217-APG-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – ECF No. 1) |

Plaintiff Margaret Kiphart has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) along with a proposed Complaint (ECF No. 1-1). This Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.**     **APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Ms. Kiphart's Application includes the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the proposed complaint.

**II.**     **SCREENING THE COMPLAINT**

**A. Legal Standards**

After granting a request to proceed IFP, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed

1

to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678.

Here, Ms. Kiphart challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits under Title II of the Social Security Act. Compl. ¶ 6. To state a valid benefits claim, a complaint must give the Commissioner fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See, e.g.*, 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disability Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009) (social security appellants "must not

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

treat the matter as a simple formality" by submitting "extremely perfunctory" allegations in a complaint for judicial review), *aff'd by* 433 F. App'x 462 (7th Cir. 2011); Soc. Sec. Disability Law & Pro. in Fed. Ct. § 9:8 (Apr. 2018 update) ("The complaint must include a statement as to *what the Commissioner did that was wrong, and why it was wrong*." (emphasis added)).

## B. Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines review, a claimant may then request review by the United States District Court. 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be filed within 60 days after receipt of the Appeals Council's notice of a final decision. *Id.*; 42 U.S.C. § 405(g); 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received by mail within five days of the date on the notice unless shown otherwise. 20 C.F.R. §§ 416.1401, 422.210(c). Thus, an action commenced within 65 days is presumed timely. *Id*. If a claimant does not file a civil action within the allowed time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b). The civil action must be filed in the judicial district in which the claimant resides. 42 U.S.C. § 405 (g).

In this case, Kiphart alleges that on September 25, 2018, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner. Compl. ¶ 4. Thus, it appears she has exhausted her administrative remedies. She timely commenced this action as the Complaint was filed on November 19, 2018, and the Complaint indicates that she resides within the District of Nevada. *Id*. ¶ 1. Accordingly, Ms. Kiphart has satisfied these prerequisites for judicial review.

/ / /

### C. Grounds for Ms. Kiphart's Appeal

The Complaint seeks judicial review of the Commissioner's final decision and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Complaint, Ms. Kiphart alleges she has been disabled since April 1, 2014, due to due to bipolar disorder and schizophrenic disorder. Compl. ¶ 7. Despite her severe impairments, an ALJ issued a decision on December 5, 2017, denying her claim. *Id*. ¶ 3. Kiphart alleges the ALJ erred by failing to develop the record and "make a residual functional capacity finding that represents Plaintiff's maximum ability to perform work-related activities on a full-time work basis." *Id*. ¶ 8. She contends the decision lacks the support of substantial evidence based on "the weight of the evidence, her credibility, the medical opinions of her doctors, and any and all other applicable evidentiary issues, both in law and in fact." *Id*. ¶ 10. Therefore, the court should reverse or remand the decision for further administrative proceedings. *Id*.

The Complaint presents a cursory allegation that the decision to deny Kiphart benefits was wrong, but it lacks a clear statement as to *what the ALJ did that was wrong*, and *why it was wrong*. *See* Soc. Sec. Disability Law & Pro. in Fed. Ct. § 9:8. Ms. Kiphart merely recites general standards that govern the court's review of the ALJ's decision and several common buzz words and phrases in social security appeals (*e.g.*, maximum residual functional capacity, substantial evidence, credibility, and doctors' medical opinions). Rule 8's pleading standard requires more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the decision was wrong and failing to describe the underlying reasons why is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Starr*, 652 F.3d at 1216 (a complaint must "enable the opposing party to defend itself effectively"). Accordingly, the Complaint fails to state a claim

4

upon which relief can be granted, and Ms. Kiphart will receive leave to amend by **January 4, 2019**.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Margaret Kiphart's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She will not be required to pay the $400 filing fee.
2. Ms. Kiphart is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.
3. The Clerk of Court shall **FILE** the Complaint, but *SHALL NOT* issue summons.
4. The Complaint is DISMISSED WITH LEAVE TO AMEND. Ms. Kiphart shall have until **January 4, 2019**, to file an amended complaint, if she believes she can correct the noted deficiencies.
5. Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be closed.

Dated this 4th day of December 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE